FARMERS' LOAN & TRUST CO. et al. v. McCLURE.

(Circuit Court of Appeals, Eighth Circuit. January 25, 1897.)

No. 785.

APPEAL—REVIEW—SOLICITOR'S COMPENSATION IN FORECLOSURE PROCEEDINGS.

When a question of the value of the services of a solicitor, rendered in a suit for the foreclosure of a mortgage, has been decided, upon conflicting evidence, by the court in which the suit is pending, and which is familiar with the proceedings therein and the amount of services rendered, such decision will not be disturbed by an appellate court, in the absence of an obvious error of law, or a serious and important mistake in the consideration of the evidence.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

J. G. Taylor (J. M. Taylor, Herbert B. Turner, David McClure, and Louis B. Rolston were with him on the brief), for appellant.

John McClure, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from an interlocutory decree, which granted an intervening petition of John McClure, the appellee, for compensation for services and expenses as solicitor for the complainant in a suit to foreclose a railway mortgage. Prior to July 30, 1895, the holders of a large majority of the bonds secured by the mortgage made on August 2, 1892, by the Pine Bluff & Eastern Railroad Company to the Farmers' Loan & Trust Company, as trustee for the bondholders, consulted the appellee, John McClure, an attorney resident at Little Rock, in the state of Arkansas, regarding the foreclosure of this mortgage. They were anxious to have it foreclosed, and attempted to persuade the Farmers' Loan & Trust Company to employ McClure as its solicitor to conduct the foreclosure proceedings. The estate of Amos C. Barstow, which held a majority of these bonds, advanced to McClure the sum of $500 on account of his expenses and services, and he prepared a bill for the foreclosure of the mortgage upon the property of the railroad company. On July 30, 1895, the resident attorneys of the Farmers' Loan & Trust Company authorized him by telegraph to file the bill for the foreclosure of the mortgage upon the terms contained in a letter which followed the telegram. McClure filed the bill, but, when the letter was received, was unwilling to proceed with the litigation on the terms it disclosed. Before its receipt he had given notice of a motion for the appointment of a receiver of the property of the railroad company. After some correspondence between him and the attorneys for the trust company, he made a motion in the circuit court on August 19, 1895, for leave to withdraw from the case as a solicitor, because of differences arising between himself and the solicitors of the trust company, and the court took his application under advisement, and ordered him to continue to discharge his functions as a solicitor in the cause until the further order of the court. On October 12, 1895, he renewed his motion for leave to withdraw from the case, and the court granted it. On October 19, 1895, he filed an intervening peti-

tion in the case, and asked for an allowance of $2,500 for services, and that the sum of $500, which had been advanced to him for services and expenses therein by the estate of Amos C. Barstow, should be allowed, and repaid to that estate. The trust company answered the petition, testimony was taken, and upon a final hearing the court below decreed that McClure should recover of the Pine Bluff & Eastern Railroad Company $2,500 for his services; that the estate of Amos C. Barstow should recover $250, with interest; that these amounts were entitled to be secured by a lien upon the mortgaged property superior to that of the mortgage debt, and that they should be paid out of the proceeds of the sale of the property before that debt. The trust company and the railroad company have appealed from this decree.

The only question in this case is as to the amount which should have been allowed by the court below for the expenses and services of the appellee, as solicitor for the complainant, for preparing and filing the bill of foreclosure and conducting the subsequent proceedings in the suit until he was permitted to withdraw from it on October 12, 1895. We say this is the only question, because the $250 allowed to the estate of Barstow is in reality but a part of the compensation for the expenses and services of McClure. Upon this question but two witnesses testified,—the appellee himself, and Mr. Hemingway, a witness called by the trust company. The testimony of the former fully sustains the finding and decree of the court. The testimony of the latter is that the value of his services was from $500 to $1,250. The court below was in a far better situation to determine which of these witnesses correctly estimated the value of the services rendered by this solicitor than this court can possibly be. The judge who entered this decree below was familiar with the proceedings in his own court, with the character of this litigation, with the controversies, if any, that had arisen in it, with the amount of services that had been rendered by each of the solicitors, and with every step that had been taken in the case. It is the settled rule of the federal courts that where the court below has considered conflicting evidence, and made its finding and decree thereon, they must be taken as presumptively correct; and, unless an obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821; Warren v. Burt, 12 U. S. App. 591, 7 C. C. A. 105, and 58 Fed. 101; Plow Co. v. Carson, 36 U. S. App. 456, 18 C. C. A. 606, and 72 Fed. 387. In view of this principle, and in consideration of the great weight which ought to be given to the opinion of the trial court as to the value of the services of solicitors in cases pending before it, we are unwilling to disturb the decree in this case. Let it be affirmed, with costs.