MANN et al. v. KEENE GUARANTY SAV. BANK OF KEENE, N. H., et al.

(Circuit Court of Appeals, Eighth Circuit.     March 21, 1898.)

No. 977.

1. APPEAL AND ERROR—FINDING OF FACT.
    Where the trial court has considered conflicting evidence, and made its finding and decree thereon, they must be taken to be presumptively correct, and, unless an obvious error has intervened in the application of the law or an important mistake has been made in the consideration of the evidence, the decree should be permitted to stand.

2. DEEDS—MENTAL CAPACITY.
    In determining a question of mental capacity to execute a deed, the question is not whether the grantor's mental powers were impaired, or whether she had ordinary capacity to do business, but whether she had any—the smallest —capacity to understand what she was doing, and to decide intelligently whether or not she would do it.

**3. SAME—EVIDENCE.**

A woman was paralyzed for eight years prior to her death, and during that time was unable to sign her name, but it was signed by her daughter or other person, and her acknowledgments taken to 34 conveyances of real estate. Her husband and children treated her as though she was competent to make deeds, 10 different magistrates took her acknowledgments to conveyances, and all who knew her treated her as sane. A decree of foreclosure of a mortgage was resisted on the ground that she was mentally incapable of understanding or executing it.. Many witnesses testify that her mental capacity was not greater than that of a child three or four years old, and that she could not transact any business whatever. *Held*, that the legal presumption being that she was sane and capable, and all who knew her having so treated her, the decree of the court that she was mentally capable simply gives legal effect, after her death, to the existence of a fact which all seem to have conceded during her life, and such decree should not be disturbed.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

N. W. Norton (W. G. Weatherford and J. M. Prewett, on brief), for appellants.

John McClure (Morris M. Cohn, on brief), for appellees.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree of foreclosure of three trust deeds made by John Parham and Anna W. Parham, his wife, dated on December 29, 1886, May 28, 1888, and July 1, 1889, respectively. The right side of Anna W. Parham was paralyzed on August 21, 1884, and she died on December 31, 1892. During the intervening time her physical and mental powers were impaired, but she was able at times to walk about her room with the aid of a crutch, and she could talk, and understand conversation about her flowers and her physical wants. Her husband was dealing in real estate. She was unable to sign her name to conveyances on account of the paralysis of her right hand, but her name was signed by her daughter, or some other person, and her acknowledgments were certified to 34 conveyances of real estate, including trust deeds and mortgages, while she was suffering from this paralysis. When the trust deeds in suit were made she was the owner of 320 acres of land which are described in them. The appellants are her heirs at law, and their defense to this suit was that when her name was signed to the trust deeds, and when her acknowledgments of their execution were certified, she was mentally incapable of understanding or executing them. The evidence upon the issue presented by this defense was conflicting. Many witnesses testified that Mrs. Parham's mental capacity was not greater than that of a child three or four years old, that she could not carry on a connected conversation on any subject, and that she could not understand or transact any business whatever during the time in which she was suffering from paralysis. On the other hand, her husband and children treated her as though she was competent to make trust deeds and mortgages during all this time. Her husband delivered conveyances to which his daughter had affixed his wife's

name and upon which magistrates had certified her acknowledgments. One of her daughters signed her name to these various conveyances, and allowed them to be delivered without objection or protest. Her son-in-law, acting as guardian for a minor child, accepted a mortgage which she executed in 1889 as security for $3,000 of his ward's money. Between 1886 and 1890 one of her sons, acting as a notary public, certified her acknowledgments to five deeds. Ten different magistrates took and certified her acknowledgments of the execution of conveyances while she was suffering from this disease. Actions frequently speak louder and more truthfully than words, and it is difficult to contemplate the treatment accorded to Mrs. Parham by the members of her family and the magistrates of her vicinity without great doubt whether she was so incapable of conducting simple business transactions as some of the witnesses for the appellants now testify. The question is not whether her mental powers were impaired. It is not whether or not she had ordinary capacity to do business. It is whether she had any—the smallest—capacity to understand what she was doing and to decide intelligently whether or not she would do it. Rugan v. Sabin, 10 U. S. App. 519, 3 C. C. A. 578, and 53 Fed. 415, 421; Stewart v. Lispenard, 26 Wend. 303; Ex parte Barnsley, 3 Atk. 168; Hill v. Nash, 41 Me. 586; Jackson v. King, 4 Cow. 216; Dennett v. Dennett, 44 N. H. 531. Perhaps this rule and the reason for it have never been better expressed than by Senator Verplanck in Stewart v. Lispenard, supra, when he said:

"To establish any standard of intellect or information beyond the possession of reason in its lowest degree, as in itself essential to legal capacity, would create endless uncertainty, difficulty, and litigation, would shake the security of property, and wrest from the aged and infirm that authority over their earnings or savings which is often their best security against injury and neglect."

In view of the testimony to which we have adverted, we are unwilling to hold that the court below committed any error in the application of the law or made any mistake in the consideration of the evidence when it concluded that the legal incapacity of Mrs. Parham was not clearly established. Where the trial court has considered conflicting evidence, and made its finding and decree thereon, they must be taken to be presumptively correct, and, unless an obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821; Warren v. Burt, 12 U. S. App. 591, 7 C. C. A. 105, and 58 Fed. 101; Plow Co. v. Carson, 36 U. S. App. 456, 18 C. C. A. 606, and 72 Fed. 387; Farmers' Loan & Trust Co. v. McClure, 49 U. S. App. 43, 24 C. C. A. 66, and 78 Fed. 209, 210.

The legal presumption was that Mrs. Parham was sane and capable. All who knew her so treated her while she lived. The decree of the court simply gives legal effect after her death to the existence of a fact which all seem to have conceded during her life. It ought not to be disturbed. A motion was made to dismiss this appeal,

but a careful consideration of the merits of the case has led us to the same result as would a granting of the motion. For this reason we have given it no consideration. The decree below is affirmed, with costs.