## F. C. AUSTIN MFG. CO. v. AMERICAN WELLWORKS.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

No. 866.

**1. PATENTS—PRELIMINARY INJUNCTION—REVIEW ON APPEAL.**

On appeal from an order granting a preliminary injunction against infringement of a patent, the only question for consideration is whether the legal discretion of the trial court was improvidently exercised.

**2. SAME—APPEAL—MATTERS REVIEWABLE.**

The question of the validity of a patent which has been sustained in prior contested litigation, not only between other parties, but between the same parties, will not be considered on an appeal from an order granting a preliminary injunction against its infringement.

**3. SAME—RECORD IN APPELLATE COURT.**

An appeal from an order granting a preliminary injunction must be determined by the appellate court on the record as it stood at the time the order was made, and additional evidence on papers cannot be introduced into the record thereafter by stipulation.

**4. SAME—INFRINGEMENT—APPARATUS FOR SINKING WELLS.**

The Chapman patent, No. 382,689, for an apparatus for sinking wells, claims 12 and 13, considered by the appellate court, and a finding of the trial court on the hearing of a motion for a preliminary injunction against infringement that a beaded roll used by defendant in its clamp to grasp and rotate the tubing while being sunk in the well was the mechanical equivalent of the "jaws of a circular form, with sharp angles," of the patent, and that defendant's apparatus infringed, *held* warranted, and within the court's discretion.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

For opinion below, see 98 Fed. 992.

This appeal is brought by the defendant, F. C. Austin Manufacturing Company, from a preliminary injunction granted upon bill filed by the American Wellworks, as complainant, alleging infringement by the defendant of certain claims of letters patent No. 382,689, issued May 15, 1888, to Matthew T. Chapman, for "apparatus for sinking wells." No infringement is asserted in the well boring and sinking machinery used by the defendant, except in its device for clamping and sinking the well tubing, which is alleged to infringe claims 12 and 13 of the patent, namely:

"(12) A rotary clamp adapted to grasp a round article and rotate with the endwise movement of the article clamped, independent of the rotary movement which carries said article around, and having jaws of a circular form, provided with sharp angles, substantially as described.

"(13) A rotary clamp having jaws of a circular form, with sharp angles, adapted to grasp a round article, to rotate with the endwise movement of the article, independent of the rotary movement which carries said article around, in combination with a rotary ring for carrying said clamp, and gearing for driving said ring, substantially as described."

The validity of these claims is challenged, but the main contention for reversal of the order is that the defendant's rotary clamp does not infringe, for the reason that a "round beaded roll" for grasping the pipe is substituted for

¶ 1. Review of interlocutory decree granting or continuing injunction in Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 484.

the means described in the claims as "jaws of a circular form, provided with sharp angles."

C. K. Offield and C. C. Linthicum, for appellant.

L. L. Bond, for appellee.

Before JENKINS and BAKER, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge (after stating the facts as above). The only question for review on this appeal is whether the discretion of the trial court was improvidently exercised in granting the preliminary injunction. Welsbach Light Company v. Cosmopolitan Incandescent Light Company, 43 C. C. A. 418, 104 Fed. 83, 85; United States Gramophone Company v. Seaman, 51 C. C. A. 419, 113 Fed. 745, 749; Stearns-Roger Mfg. Company v. Brown, 52 C. C. A. 559, 114 Fed. 939, 941.

In the record below, strong grounds were presented for the relief sought, if infringement appeared. Not only had the validity of the patent and of the claims in question been contested and finally adjudicated in another court, but the parties to the present bill were before the court below in other litigation involving both validity and infringement of the same patent and claims. Prior hearings had occurred, resulting in an injunction against an alleged infringement by the defendant pending final hearing. The instant case appeared, therefore, as a second attempt to use a device which might evade the patent, while adopting an equivalent means. The presumptions which run with the patent are thus well fortified by circumstances to entitle the owner to injunctional relief against an infringer. Electric Manufacturing Company v. Edison Electric Light Company, 10 C. C. A. 106, 61 Fed. 834, 836.

Numerous prior patents are introduced by way of attack upon the validity of the patent in suit, but no device thus shown appears upon its face to be such anticipation of the patent device as calls for consideration, under the rule governing this appeal. The issue thereupon must be reserved for final hearing, aided by such proof as may then be submitted. So that the ruling upon the question of infringement alone remains for review. As the application for an injunction is addressed to the judicial discretion of the court, the order will not be reversed unless it is "clearly erroneous." Welsbach Light Co. v. Cosmopolitan Incandescent Light Co., supra. For the exercise of that discretion the rule is well settled in patent cases that the fact of infringement must be clearly established, or, as frequently stated, must appear beyond reasonable doubt. Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718, 720; Menasha Wood Split Pulley Co. v. Dodge, 29 C. C. A. 508, 85 Fed. 971, 977; McDowell v. Kurtz, 23 C. C. A. 119, 77 Fed. 206, 207; Blakey v. National Mfg. Co., 37 C. C. A. 27, 95 Fed. 136, 137. But the correctness of the order must be considered under the facts and circumstances of the case as presented below, and "from the same standpoint as that occupied by the court granting it," and, if its legal discretion "was not improvidently exercised, we should not disturb its action." Duplex Printing Press Co. v. Campbell Printing Press &

Mfg. Co., 16 C. C. A. 220, 69 Fed. 250, 252; Stearns-Roger Mfg. Co. v. Brown, supra.

The defendant's device is a rotary clamp, and identical with that of the patent in purpose, operation, and effect. Both are used in connection with machines for well boring and sinking, and are adapted to sink heavy metal tubes in deep wells, for the various sizes and weight of tube required, which range from 4 to 15 inches in diameter, and are frequently 10 to 12 inches. The devices operate alike in grasping the well tube and compelling its continuous rotation, while permitting its movement longitudinally for sinking in the bore. For these objects each is provided with sets of rolls or wheels mounted for rotation, and having "gripping edges" which serve to bite into the surface of the pipe; thus holding it for continuous downward movement, and causing it to turn with the rotation of a ring which carries the gripping means. The devices differ alone in the number and form of these gripping means, and the form of their gripping edges. In the patent "two oppositely located sets of wheels" are employed, called "holding cones" in the specifications. As shown in the drawings, each set consists of two cone-shaped rolls having annular off-sets, which present sharp angles for gripping edges; and they are described in the claims as "jaws of a circular form, provided with sharp angles." The means used by the defendant is described by its expert as "three equidistant radial rolls," each "a cylinder having on its face an unbroken raised central bead, extending completely around its circumference, the bead being substantially half round in cross-section"; and "the beads alone make contact" with the well tubing.

The device of the patent, as an entirety, is adapted to the modern requirement of deep wells, with large bore and heavy tubing, and the theory of the invention in controversy is that continuous revolution of the tubing will aid the descent—in many instances is essential to success—so that a rotary clamp is provided to hold securely, and give and control both movements without injury to the tubing. The advance made in the art of well-sinking requires no present consideration, beyond the remark that the presumptions in favor of the patent are well supported by affidavits tending to show the novelty and utility of the device in this feature. Indeed, the defendant furnishes strong evidence of its utility by persistent adoption of means for like purpose. Under the circumstances shown, with the validity of the claims assumed, the changes made by the defendant in the shape, number, and arrangement of the wheels which constitute the gripping jaws are manifestly not substantial, but formal and evasive, within the doctrine of Cash-Register Co. v. Cash Indicator Co., 156 U. S. 502, 517, 15 Sup. Ct. 434, 39 L. Ed. 511, and analogous cases. The sole question is whether the substitution of the beading on the defendant's wheel as a gripping surface for the angle made in the wheel described in the patent is a substantial departure from the invention claimed. On this record the prima facie showing is sufficient that the beading on the wheel operates in the same way, and is effective in holding, revolving, and sinking the pipe; alike biting and indenting the surface without material injury to the pipe. In other words, the beading serves the purpose of the angle shown

in the patent as a gripping edge, and is plainly a mechanical equivalent. A valid patent monopoly cannot be evaded by such substitution or change in form, except through the terms of the grant, express or implied, limiting the invention to the special means and form shown in the patent. Unless on the face of the present record the patent in suit must be construed as so limiting the grant, infringement is unquestionable. No room for doubt would appear, except for the description of this element in the claims as "jaws of a circular form, provided with sharp angles," and the inquiry is thus narrowed to the meaning of the term "sharp angles" in the sense of the invention claimed. In the argument of counsel for the defendant appellant the contentions on this point are twofold: (1) That the proceedings in the Patent Office so limit the claims as allowed that the beading on the wheel does not infringe; and (2) that the express provision of the claim for "sharp angles" is not applicable to the beading on the defendant's wheel.

1. The first proposition rests on the assumption that the "file wrapper and contents" relating to the patent are in the record, but no evidence of that character appears in the transcript of record filed on this appeal. An "Additional Transcript of Record," so called, is presented on behalf of the appellant, purporting to contain such matter, and certified by the clerk of the circuit court as "filed in said court on the 9th day of January, 1902," pursuant to a stipulation of counsel for both parties, therewith certified, but it constitutes no part of the record on appeal. The hearing occurred November 16, 1901. The opinion was filed and the injunctional order entered December 30, 1901. Appeal was allowed the same day, and perfected January 4, 1902, when the assignment of errors was filed. As no rehearing or other subsequent action of the trial court appears, the matter filed January 9, 1902, cannot enter into the record through stipulation, and cannot be considered on the appeal, irrespective of the fact that objection thereto is now raised by counsel. The jurisdiction of this court is appellate only. Its review in law or equity is limited to the record of matters which were before the trial court, and cannot be enlarged or affected by subsequent stipulations between the parties. Maxwell Land-Grant Case, 122 U. S. 365, 375, 7 Sup. Ct. 1271, 30 L. Ed. 1211; Randolph v. Allen, 19 C. C. A. 353, 73 Fed. 23, 31; Case v. Hall, 36 C. C. A. 259, 94 Fed. 300, 302.

2. The contention that the beaded wheel is not an infringement of the patent rests upon the language of the claims that the "jaws are provided with sharp angles," and upon the angled edge disclosed in the drawings and specifications as a gripping means. While each wheel as shown in the patent has more than one angle, to meet the various sizes of the pipe, contact is made in every instance with a single angle or gripping edge, which is the sole object of the angle. It is well described as an "angle," and the term "sharp" is unnecessary, in so far as any requirement is disclosed by the patent or record. The degree of angle is neither specified nor essential, and the term "sharp" is a mere relative term. It is commonly applied in reference to the cutting edge of a knife or razor, to the tooth of a man or animal, or to the prow of a ship, and cannot fairly be construed

here to intend a mathematical angle or particular degree of sharpness. Otherwise, when the edge becomes dulled by use, it is not within the patent. The object of the patent law is "to secure to inventors a monopoly of what they have actually invented or discovered," and it "ought not to be defeated by too strict construction" of terms in the claims, which may be inartificially drawn. Topliff v. Topliff, 145 U. S. 156, 170, 12 Sup. Ct. 825, 831, 36 L. Ed. 658. "An excess of description does not injure the patent unless the addition is fraudulent." Sewall v. Jones, 91 U. S. 171, 186, 23 L. Ed. 275. The inventor provided a means to make the grip effective by biting into the metal tubing, making an indentation in its course without injuring the tube. The beading makes the same grip in the same way, though more force is apparently necessary, and its track on the tubing is distinct. Treating the term "sharp" as used in the sense of this function—capability of biting into the metal—it is applicable to the beading, which differs only in degree. With the claim so construed, infringement is unquestionable. The exercise of discretion hinged upon the construction given to these terms, and we cannot find, on the record presented, that the construction adopted was unjust or unreasonable. This conclusion is without prejudice to the construction of the claims upon final hearing, or in further proceedings in the Circuit Court.

We are of opinion, therefore, that the discretion of the court was not improvidently exercised in granting the injunction, and the order is affirmed.