SAWYER v. WHITE (two cases).

(Circuit Court of Appeals, Eighth Circuit. April 13, 1903.)

Nos. 1,816, 1,817.

1. CONVEYANCE—MENTAL CAPACITY OF GRANTOR TO MAKE.
   In determining the competency of. a grantor to execute a deed, the question is not whether or not his mental powers were impaired, or whether or not he had ordinary capacity to do business when he executed it, but whether or not he had any—the smallest—capacity to understand what he was doing, and to decide intelligently whether or not he desired to do it.

2. GIFT FROM PARENT TO CHILD—FIDUCIARY RELATION.
   The existence of a fiduciary relation between a parent and his child is not necessarily fatal to a deed or gift from the former to the latter, because such a deed or gift is natural and reasonable, and is sustained by the presumption that it was inspired by parental affection and devotion. This presumption overcomes the ordinary presumption that an unnatural or unreasonable gift procured through a fiduciary relation is voidable.

3. DEED—UNDUE INFLUENCE.
   The undue influence which will avoid a deed is an unlawful or fraudulent influence which controls the will of the grantor. The affection, confidence, and gratitude of a parent to a child, which inspires a deed or gift, is a natural and lawful influence, and will not render it voidable, unless this influence has been so used as to confuse the judgment and control the will of the donor.

4. SAME—FIDUCIARY RELATION—FACTS.
   A father 88 years of age, who had been a paralytic for 15 years, and so feeble that he had required constant attendance and assistance, had intrusted his business to his son, who had managed it for him and had supplied his wants with rare assiduity and kindness. The father had perfect confidence in this son, and was grateful to him for his kindness. For many years he had intended to give his property to him at his decease. His mind was impaired, his powers of speech and locomotion were very limited, but he knew what he was doing; and he intentionally conveyed land worth $20,000 to this son without any actual consideration, so that the son of a deceased daughter received no part of it.
   *Held*, the deed was not void on account of lack of mental capacity, the fiduciary relation, or undue influence.

5. CONTEST OF WILL—FEDERAL COURT—BURDEN OF PROOF.
   In a proceeding in a federal court to contest the validity of a probated will under Rev. St. Mo. 1899, §§ 4622, 4623, the burden of proof is upon those who claim under the will to the same extent as if no action allowing the will had ever been taken by the probate court.

6. SAME—FEDERAL COURT HAS JURISDICTION OVER CONTROVERSY.
   When the controversy over the validity of a will arises between two citizens of different states, a federal court has jurisdiction of a proceeding to contest it which the statutes of a state authorize to be instituted in the courts of general jurisdiction of that state.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Western District of Missouri.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Lucian E. Carter, for appellant and plaintiff in error.

O. J. Chapman, Crosby Johnson & Son, for appellee and defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.   The plaintiff, Robert Sawyer, brought an action against the defendant, William M. White, to avoid a deed of certain lands in the state of Missouri, of the value of $20,000, made by Robert White, the grandfather of the plaintiff, to William M. White, his son, on May 9, 1896, and to set aside the will of Robert White, deceased, and the probate thereof, on the ground that the defendant, William M. White, had procured the execution of this will by undue influence.   The court below dismissed both causes of action, and the plaintiff presents the decree and judgment for review by appeal and by writ of error.

The grounds upon which the plaintiff bases his attack upon the deed are that the grantor had not sufficient mental capacity to execute it, that the grantee was the confidential adviser and the manager of the property of the grantor, and that he procured the execution of the deed by undue influence.   Robert White was 88 years of age in May, 1896, when he made this deed to his son.   He had been partially paralyzed, so that he talked and walked with difficulty, for at least 15 years.   At times during this period he was practically helpless, and required constant assistance and attendance to enable him to arise from his bed and to procure and take his necessary food and drink, while at other times he was able to walk a block or two with the aid of a cane.   He was a feeble old man, and his mind was undoubtedly much less active and powerful than when he was young and vigorous.   But the question of his mental capacity is not whether or not the powers of his mind were impaired, or whether or not he had ordinary capacity to do business, but whether or not he had any —the smallest—capacity to understand what he was doing, and to determine intelligently whether or not he would do it.   Mann v. Keene Guaranty Sav. Bank, 29 C. C. A. 547, 548, 86 Fed. 51, 52; Rugan v. Sabin, 3 C. C. A. 578, 584, 53 Fed. 415, 421; Stewart's Ex'r v. Lispenard, 26 Wend. 303; Ex parte Barnsley, 3 Atk. 168; Hill v. Nash, 41 Me. 586, 66 Am. Dec. 266; Jackson v. King, 4 Cow. 216, 15 Am. Dec. 354; Dennett v. Dennett, 44 N. H. 531, 84 Am. Dec. 97. Any other test would wrest from the feeble and the aged that power over their earnings and savings which is their best safeguard against misfortune, and would produce endless uncertainty, difficulty, and litigation.   Careful and repeated perusals of all the evidence in this case have convinced us that Robert White was competent, when tried by this test, to execute the deed which the complainant attacks.   He understood perfectly what he was doing when he made it, and he was able to decide and did decide intelligently whether he would or would not execute the conveyance.   The evidence is undisputed that he had intended for at least 10 years that his son should succeed to his property when he should die, that he made this deed to accomplish this settled purpose, and that his mind was sufficiently clear for him to understand his act and its effect when he performed it.   The deed

cannot be avoided for lack of mental capacity in the grantor to make it.

May it be set aside because the grantee occupied a fiduciary relation to his father, and induced him to execute it by undue influence? Robert White and his son, William, had lived for many years in the same town, and at times in the same house. Each was a shrewd and successful business man, possessed of considerable property. For 15 years the father had been a paralytic, and his son had been kind, attentive, and watchful of his interests, his welfare, and his comfort. For this kindness and attention the father was grateful to the son. He had implicit confidence in his ability, his integrity, and his judgment. He had intrusted his business and his property to his care for many years, and for at least 10 years he had intended to give him his property when he should pass away. He made the deed here in question to effectuate this intention. There is no doubt that he was influenced to do so by his affection for and confidence in his son, and by his gratitude to him for his years of devotion and service. But hatred or indifference is not indispensable to the validity of a gift, nor is gratitude or affection for the grantee fatal to it. The undue influence which will avoid a deed or will is an unlawful or fraudulent influence which controls the will of the grantor or testator. The natural influence of the affection of a parent for a child is neither fraudulent nor illegal, and courts will not set aside a deed or a will because it was induced by such an influence unless it appears that this influence was exercised to confuse the judgment and to overcome the free will of the grantor or testator.

Nor is the fact that the grantee or devisee occupies a fiduciary relation to his grantor or testator necessarily fatal to the gift. It is the use of that relation to secure a deed or devise against the free will or desire of the grantor or donor, and not the mere existence of the relation, that vitiates a grant. It is true that when an unnatural or unreasonable gift or devise is made—such as one by a ward to his guardian, or by a helpless invalid to his nurse, or by a client to his trusted attorney—the presumption at once arises that the fiduciary relation was used to overcome the will of the grantor, and that the deed or devise is voidable. But when the natural gift of a parent to a loved and trusted child is in question, this presumption is met and overcome by the still stronger presumption that such a gift is the natural and reasonable act of the parent, and that the free will of the donor inspired the grant, uninfluenced by the trust relation. McKissock v. Groom, 148 Mo. 459, 467, 468, 50 S. W. 115; Norton v. Paxton, 110 Mo. 456, 461, 19 S. W. 807; McFadin v. Catron, 120 Mo. 252, 275, 25 S. W. 506; Maddox v. Maddox, 114 Mo. 35, 21 S. W. 499, 35 Am. St. Rep. 734. The evidence is not convincing that the defendant used any undue influence or made any unlawful use of his fiduciary relation to his father to induce him to execute this deed. It is that Robert White had intended for many years that his son should ultimately have the land which this instrument conveys; that he conveyed it of his own free will; that he wanted to give this land to his son; that his act was the act of his own free will, inspired by his own desire to vest in his loved and trusted son the property

which he had acquired; and that he never regretted the disposition which he made of it. The proof in this case presents no ground for the avoidance of this deed.

The conclusion which has been reached relative to the validity of the deed after a thoughtful reading and consideration of all the evidence renders it unnecessary to consider many of the alleged errors in the trial of this issue, because error without prejudice is no ground for a reversal. This rule applies to the exception to the ruling of the court below admitting the defendant's abstract, although it was an unfair one; to the exception to the refusal of the court to permit the counsel for the complainant to read all the testimony, and to argue the case at greater length; and to the exception to the ruling of the court that it was immaterial that Robert White was a Mormon, and that William M. White was the illegitimate son of his second wife, born while his first wife was living. These rulings inflicted no injury upon the complainant in the trial of the issue over the validity of the deed, because, upon all the evidence, that conveyance constituted a valid gift by the father to the son, and the complainant was entitled to no relief on account of it.

It is assigned as error that two of the witnesses refused to answer questions propounded to them by counsel for the complainant because they were physicians, and their knowledge of the condition of Robert White was obtained while treating him professionally. But the vice of these acts, if it was a vice, was extracted by the fact that these physicians subsequently testified on behalf of the defendant, and were cross-examined, without limit or objection, relative to all the matters propounded for their consideration by counsel for the complainant, so that no injury resulted from their failure to answer in the first instance.

It is assigned as error that the court refused to receive in evidence, for the purpose of proving the weakness of the mind of Robert White, an authenticated copy of the record of the reports of the medical board of examining surgeons who examined him to determine the amount of pension he was entitled to receive. But this record was mere hearsay and was properly excluded. It was nothing more than the written statements, not under oath, of strangers to the action, whom neither of the parties had opportunity to examine or cross-examine.

It is assigned as error that the court below failed to make special findings upon many questions arising under the evidence. But there was no rule of law or of practice which imposed that duty upon the court below, and it does not appear that counsel for the parties requested it to make such findings. The preparation and filing of special findings in cases tried by the court is a commendable practice, and the cases are probably rare in which a trial court would not accede to the request of counsel for either party to follow it. But where such request is made, it is not error for the court to fail to take upon itself the burden of preparing such findings.

There was no error in the trial of the issue relative to the validity of the deed of May 9, 1896; and the evidence is convincing that this deed constituted a valid gift, without any consideration, from the

father, Robert White, to his trusted and dutiful son, William M. White. The court below properly refused to set it aside.

We turn to the second cause of action—the attack upon the will. It is assigned as error that the court below ruled that the effect of the allowance of the will in the probate court of Caldwell county, Mo., was to establish it as the last will of the testator, and that the burden was upon the complainant to prove that it was not the will of Robert White, for any or all of the reasons alleged in the petition. This was an erroneous ruling. The action to contest the validity of this will is a statutory proceeding under sections 4622, 4623, 1 Rev. St. Mo. 1899, p. 1102, which provide that any person interested in the probate of any will may contest its validity by a petition to the circuit court of the state filed within five years after the will is probated, and that upon such a petition an issue shall be made up— whether the writing produced was the will of the testator or not— and that this issue shall be tried by a jury, or, if neither party requires a jury, by the court. As the parties to this action were citizens of different states, the federal court had jurisdiction to hear and determine this issue, under the familiar rule that rights created and remedies provided by the statutes of a state to be pursued in the state courts may be enforced and administered in the national courts, either at law, in equity, or in admiralty, as the nature of the rights or remedies may require. Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 14, 23 C. C. A. 609, 616; Gaines v. Fuentes, 92 U. S. 10, 20, 23 L. Ed. 524; Richardson v. Green, 9 C. C. A. 565, 571, 578, 61 Fed. 423, 429, 435; Brodhead v. Shoemaker (C. C.) 44 Fed. 518, 11 L. R. A. 567; In re Stutsman County (C. C.) 88 Fed. 337, 341; Ellis v. Davis, 109 U. S. 485, 497, 3 Sup. Ct. 327, 27 L. Ed. 1006; Railway Co. v. Whitton, 13 Wall. 270, 278, 287, 20 L. Ed. 571; Cummings v. Bank, 101 U. S. 153, 157, 25 L. Ed. 903; Davis v. Gray, 16 Wall. 203, 221, 21 L. Ed. 447; Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Gormley v. Clark, 134 U. S. 338, 348, 10 Sup. Ct. 554, 33 L. Ed. 909; Cowley v. Railroad Co., 159 U. S. 569, 582, 16 Sup. Ct. 127, 40 L. Ed. 263; National Surety Co. v. State Bank of Humboldt (C. C. A.) 120 Fed. 593. The nature of this remedy required its administration at law, for the issue was to be tried by a jury if either party demanded such a trial. The action, therefore, fell under the act of conformity, which requires the practice and modes of proceeding in civil causes other than equity and admiralty causes to conform as near as may be to the practice and modes of proceeding existing at the time in like causes in courts of record in the state. 1 U. S. Comp. St. 1901, p. 684, § 914; Rev. St. § 914. The practice and mode of proceeding in like cases in the state courts of Missouri threw the burden of establishing the will and its validity upon the party who relied upon it to the same extent as if it had never been probated. The action of the probate court was avoided by the institution of the contest, and the entire issue was to be tried again, as if no action had been taken in the probate court. Lamb, Adm'r, v. Helm, Adm'x, 56 Mo. 420, 432; Benoist v. Murrin, 48 Mo. 48; Tingley v. Cowgill, 48 Mo. 291; Williams v. Robinson, 42 Vt. 658, 1 Am. Rep. 359.

The error of the court here, therefore, was fundamental. It un-derlies the entire trial of the issue relative to the will, and necessi-tates a second trial of that question. The judgment and decree below are accordingly reversed, and the case is remanded to the court below with instructions to enter a decree of dismissal of the cause of action relating to the deed, and to grant a new trial of the issue relative to the will.