UTILITY CONTRACTORS ASSOCIATION OF NEW JERSEY, INC., et al.,

v.

Adrian R. TOOPS, etc., et al.

Appeal of LOCAL 122 OF the UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF the PLUMBING & PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, AFL–CIO, No. 74–1130.

Appeal of LOCAL 236 OF the UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF the PLUMBING & PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, AFL–CIO, No. 74–1131.

Appeal of LOCAL NO. 69 (LOCAL 14) OF the UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF the PLUMBING & PIPEFITTING INDUSTRY OF the UNITED STATES & CANADA, AFL–CIO, Appellant in No. 74–1132.

Nos. 74–1130 to 74–1132.

United States Court of Appeals, Third Circuit.

Argued Nov. 21, 1974.

Decided Dec. 31, 1974.

Richard K. Rosenberg, Rosenberg & Waldman, Glen Rock, N. J., for Utility Contractors Association of New Jersey, Inc.

Joseph M. Stone, Washington, D. C., for National Utility Contractors Association, Inc.

James R. Zazzali, Lawrence A. Whipple, Jr., Zazzali & Zazzali, P. A., Newark, N. J., for Laborers' Local Union No. 472 and Deisler, Sorg, Perro, Joseph Figuero, Justo Figueroa, Carlos Nieves, DiLoiveira, Fernandes, G. Screws, Price, and Wideman.

Robert J. Connerton, Arthur M. Schiller, Jules Bernstein, Washington, D. C., for Laborers' Local Union Nos. 172 and 509.

Fox & Fox, I. Harry Sobol, Newark, N. J., for New Jersey Association of Plumbing-Heating-Cooling Contractors, Inc. amicus curiae.

Frank H. Pykon, Dunn & Pykon, Newark, N. J., for Local No. 236 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO.

John A. Craner, Ronald J. Nelson, Craner, Brennan & Nelson, Elizabeth, N. J., for Local 122 of the United Association of Journeymen & Appentices of the Plumbing & Pipefitting Industry of the United States and Canada, AFL–CIO.

Daniel J. Hussey, David Friedland, Friedland & Friedland, Jersey City, N. J., for Local 69 (Local 14) of the United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada, AFL–CIO.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The appellants in these consolidated appeals are three New Jersey locals of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO. They appeal from a consent decree entered against other defendants in the district court, which was entered as a final judgment as to the consenting parties pursuant to Rule 54(b) Fed.R.Civ.P. The plaintiffs are the Utility Contractors Association of New Jersey, Inc., a state-wide organization of employers in the utility construction industry, seven such employers, the National Utility Contractors Association of which the New Jersey Association is a member, three New Jersey locals of the Laborers' International Union of North America, several officers of those locals, five black and five hispanic members of the Laborers' Union. The plaintiff employers utilize the services of Laborers' Union members in laying pipe. The defendants are six New Jersey municipalities, the plumbing inspectors of those six municipalities, and the three defendant Plumbing and Pipefitting locals.

The complaint, in four counts, charges that the Plumbing and Pipefitting locals, whose membership is overwhelmingly white, conspired with the plumbing inspectors, who are members of Plumbing and Pipefitting locals, and with the municipalities, to cause the adoption of allegedly discriminatory municipal building codes. These codes required that pipe to be laid in any trench between the curb line of the street and the building line be laid by licensed plumbers and that such codes be enforced by criminal sanctions. The complaint further charges that the effect of the codes and their enforcement is to deprive the members of the Laborers' Union locals, who are substantially black and hispanic, of work which they are capable of performing, which their employers want them to perform, which is identical with the work they perform outside the curb line, and which they have traditionally performed in the past.

The first count of the complaint alleges that the enforcement of the building codes denies blacks and other minority group members the equal protection of the law guaranteed by the fourteenth

amendment, the Civil Rights Act of 1964, 42 U.S.C. § 2000e [sic], and applicable New Jersey statutes. The second count alleges that the conspiracy violates 42 U.S.C. § 1985. The third count alleges the violation of 42 U.S.C. § 2000d. The fourth count alleges a violation of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

The complaint seeks both injunctive relief and damages. It asks that the individual plaintiffs be designated as class action representative plaintiffs, that the plumbing inspector defendants be designated as class action representative defendants for all similarly situated municipal plumbing inspectors in New Jersey, and that the named municipalities be designated as class action representative defendants for all New Jersey municipalities. Pursuant to Rule 23(c)(1) Fed.R.Civ.P. the plaintiffs applied for an order, entered on November 13, 1972, designating all municipalities of New Jersey (there are 567 such municipalities) as a proper class of defendants, and the individually named municipalities as class representatives. A notice to this effect was sent to each New Jersey municipality pursuant to Rule 23(c)(2). In response eight of the municipalities sent letters to the Clerk of the United States District Court opting out of the class.

Meanwhile, settlement negotiations proceeded between the plaintiffs and the class action representatives of the municipalities. These resulted in a compromise in which a consent judgment would be entered dismissing all demands for money damages against all New Jersey municipalities, declaring that pipelaying work outside buildings is labor not requiring a plumbing license and ordering that all building code ordinances inconsistent with that declaration be amended by adopting the language:

"Anything in this Code, or any other ordinance, rule, regulation or enactment of the (insert name of municipality) or any of its personnel notwithstanding, no individual or corporation shall be required to obtain a permit or license in order to engage in the occupation of laying or installing pipe or conduit of any nature outside of buildings and inside property lines." (Appendix at 141a).

Notice of the proposed compromise was mailed to all New Jersey municipalities pursuant to the court's order and Rule 23(e) Fed.R.Civ.P.

The court's order, which was included in the mailing, provided that an order embodying the settlement would be entered if objections were not forthcoming within twenty days. No municipality objected. The appellants did object, contending that the settling defendants had not adequately considered the public health and safety. After hearing these objections the district court concluded that the defendant municipalities were best able to judge these considerations. Moreover, the district court found that the proposed consent decree neither afforded relief against, nor adjudicated any rights or obligations of the non-settling defendants, and that they had no standing to object to a compromise between other parties. The court entered the consent decree and ordered that it be entered as a final judgment.

These appeals followed. We dismiss them.

The appellants Plumbers and Pipefitters locals have discharged a shotgun blast at the procedures which led to the consent decree and at its claimed substantive defects. Nowhere, however, are we informed what gives them standing as appellants to seek to overturn an injunction which does not bind them and interferes with no legal relationship between them and the settling parties.[1] This small point of appellate procedure has not often been litigated, probably because it is so elementary. The leading authority is Judge Staley's opinion for

---

1. Assuming the truth of the allegations of the complaint, the ordinance resulted from illegal relationships. We do not think their alleged status as conspirators gives them standing as appellants. Alternatively, if the conspiracy allegations are false, appellants have no particular interest in the ordinances at all.

this Court in Milgram v. Loew's, Inc., 192 F.2d 579, 586 (3d Cir. 1951), cert. denied, 343 U.S. 929, 72 S.Ct. 762, 96 L.Ed. 1339 (1952):

"The second question before us is the motion of plaintiff to dismiss the appeal of the intervening defendants. The district court found no unlawful conduct on their part, and as to them, dismissed the complaint without costs. The sole problem for our consideration is whether these intervenors have been legally aggrieved in any way by the decree entered below. It is settled law that even a party cannot appeal from a decision which is not adverse to him. Stearns-Rogers Mfg. Co. v. Brown, 8 Cir., 1902, 114 F. 939; Atles v. United States, 3 Cir., 1931, 50 F.2d 808, 78 A.L.R. 435. The decree of the district court was not directed at the intervening defendants. Where an injunction is granted, one cannot generally appeal from the order unless he is directly or indirectly restrained from the performance of some act. See 4 C.J.S. Appeal and Error § 183. The intervening defendants contend, however, that the decree adversely affects them because it will result in the admission of plaintiff's theater to a first run status in competition with them.

It may very well be that the effect of the decree will be to injure the intervenors economically. But they can hardly contend that they have a legal right to be free from competition. The injury from competition is generally *damnum absque injuria*. Prior to the entry of the district court's decree, each of the distributor-defendants would have been free to license films on first run to plaintiff, and no legally protected interest of the other first run exhibitors would have been invaded. We cannot discern how the intervenors have now acquired greater rights merely because the distributor-defendants here have combined not to license first runs to plaintiff, and have now been enjoined from so doing. We think plaintiff's motion to dismiss the appeal of the intervening defendants should be granted."

■ In addition to the cases cited by Judge Staley, *see, e. g.,* Farmers' Loan and Trust Co. v. Waterman, 106 U.S. 265, 1 S.Ct. 131, 27 L.Ed. 115 (1882); Fuqua v. Bidwell, 281 F.2d 753 (6th Cir. 1960); Teamsters Local No. 523 v. Keystone Freight Lines, 123 F.2d 326, 330 (10th Cir. 1941). The appellants have no legal interest in the ordinances, either as originally drawn or in the form required by the consent order. While the practical effect of the amendment to the building codes is to make the laborers eligible to perform work originally reserved to plumbers and thus injure them economically, this is *damnum absque injuria.* The financial benefit to the appellants resulting from the prior ordinances did not confer any legal right to insist upon a continuance of the status quo.[2] In the absence of this lawsuit, had any of the municipalities chosen voluntarily to change its building code, the appellants' monetary interests would not have conferred legal standing to prevent such governmental action.

Therefore, since the judgment of the district court does not affect any enforceable rights of the appellants, the appeals will be dismissed.

---

**2.** The factual situation here should be contrasted with that in Equal Employment Opportunity Commission v. American Telephone and Telegraph Company, 506 F.2d 735 (3d Cir. 1974), where the union objected to a consent decree because it affected the contractual rights between it and the employer-defendant. We are mindful that ordinarily a consent decree affecting third party rights should not be entered without affording such parties an opportunity to be heard. The moving papers of the appellants did not suggest any facts which if established would have shown interference with their rights. Thus an evidentiary hearing was unnecessary.