# Richmond.

## KIRBY v. KIRBY.

### MARCH 15th, 1888.

PROBATE COURT—*Statutory jurisdiction—Appointment of receiver—Ultra vires—*
Upon a bill filed under Code 1873, ch. 118, § 34, to impeach or establish
a will, the court can exercise only the special and limited powers con-
ferred upon it by the. statute; it can only ascertain by a jury trial
whether the paper in question is or is not the will of the decedent; it
can go no further, and cannot make any order respecting his estate; and
a decree appointing a receiver to take charge of the estate *pendente lite,*
is *ultra vires* and void.    *Coalter* v. *Bryan*, 1 Gratt., 18; *Hartman* v. *Strickler*
82 Va., p. 233.

Appeal from decree of circuit court of Halifax county rend-
ered November 20th, 1886, in the suit wherein H. M. Kirby
and others are complainants, and R. M. Kirby and others are
defendants.    The object of the bill is to impeach the will of
Anderson Kirby, deceased, which had been admitted to pro-
bate by the county court of said county.    At the November
term, 1886, there was an issue of *devisavit vel non,* but the
jury failing to agree, were discharged, whereupon, on motion
of complainants a decree was entered appointing a receiver to
take charge of the real. estate devised by the decedent, and
rent it out for the year 1887.    This action was founded on an
affidavit to the effect that of the two principal devisees, one
was insolvent, and the other a non-resident, and that a receiver
was necessary in order to have the rents and profits of the
land forthcoming in - the event the complainants prevailed in

the suit. From this decree the defendants are here on appeal. Opinion states the case.

*J. W. Riely,* for the appellant.

*Wood Bouldin, Jr.,* and *W. R. Barksdale,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The defendants, the appellants here, contend, and the position is well taken, that the decree is erroneous, because the court, in entering it, exceeded its jurisdiction. It is contended that in a suit of this description, a court of equity does not proceed under its general jurisdiction, with all the powers incident thereto, but can exercise only the special and limited powers conferred upon it by the statute; that it acts as a court of probate, with a single object in view, namely, to ascertain by a jury trial whether the paper in question is, or is not, the will of the decedent; that it can perform no other act nor grant any further relief; that it has no jurisdiction over the estate of the decedent, and can make no order respecting it. This position is fully sustained by the decisions of this court.

In *Coalter's Ex'or* v. *Bryan,* 1 Gratt., 18, in which the bill was filed to impeach the will of John Randolph of Roanoke, and also to compel the defendants to account for and surrender the estate, it was held that the jurisdiction of the court was confined by the statute to the simple question whether the paper admitted to probate was the true last will and testament of the decedent, and could not be extended further; that the jurisdiction is merely that of a court of probate, to be exercised not by the court, but by a jury under its supervision, and for the decision of a common law issue. And in the same case it was said that the jurisdiction of a court of probate differs from that of other civil tribunals in this, that its province is not to ascertain and enforce the rights of property,

but to establish, preserve, and perpetuate some important muniment of title.

To the same effect is *Lamberts* v. *Cooper's Ex'or*, 29 Gratt., 61, in which case the court said that the issue *devisavit vel non* is *the sole* object of the suit, the proceeding being purely statutory, in which a probate jurisdiction is exercised by the jury in order to the final probate of the will. And while it was held in *Connolly* v. *Connolly*, 32 Gratt., 657, that the court so far performs the functions of a court of chancery as to enable it to entertain a bill of review, yet the doctrine of the above-tioned cases was recognized, and the court in express terms declared that the jurisdiction is limited to matters of a probate nature, and to securing *the specific relief authorized by the statute.* Therefore, where a will is successfully impeached, the heirs must resort to an action of ejectment or other appropriate remedy to recover the land; for such relief in whole or in part cannot be granted in the probate proceeding. See also *Malone's Adm'r* v. *Hobbs*, 1 Rob., 366; *Hartman* v. *Strickler*, 82 Va., 233.

It follows that, in appointing a receiver, the circuit court went beyond the limits of its powers as a court of probate, and consequently erred. The decree will therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

DECREE REVERSED.