SMITH *et al.* v. JAMES & HAVERSTOCK.

Will: PROBATE: CONTEST: CONCLUSIVENESS OF JUDGMENT. Since the enactment of chapter eleven, Laws of 1876, giving the right to a trial by jury in cases where the proving of a will is contested, the judgment in such cases is conclusive upon the parties. And in this case, where plaintiffs appeared when the will was offered for probate, and made their contest, and had a full trial, with the right to demand a jury, which they waived, *held* that they cannot now institute an original proceeding, and try again the identical questions which have been adjudicated against them. (*Leighton v. Orr*, 44 Iowa, 680, and *Gilruth v. Gilruth*, 40 Iowa, 348, *distinguished*).

*Appeal from Pottawattamie District Court.*—HON. J. P. CONNER, Judge.

FILED, MAY 16, 1888.

THIS is an action to cancel and set aside the last will and testament of Jacob Smith, deceased, upon the ground that said decedent did not have mental capacity to make a will, and because of the alleged fraud and undue influence of the defendants and others. The defendants answered, in substance, that the said will was presented to the circuit court for probate, and that the plaintiffs appeared in said court, and filed written objections thereto, based upon the same grounds as are

alleged in the petition in this case; that issue was joined thereon, a jury was waived, and there was a full trial, and the court found against the plaintiffs herein on the issues, and admitted the will to probate. A demurrer to the answer was sustained, and defendants appeal.

*Flickenger Bros.*, for appellants.

No appearance for appellees.

ROTHROCK, J.—The proceedings set up in the answer were a contest of the will under section 2340 of the Code, which is as follows : "After the will is produced and read, a day shall be fixed by the court · or clerk for proving the same, which day shall be during a term of court, and may be postponed from time to time, in the discretion of the court. *Whenever the proving of a will is contested, either party shall be entitled to demand a jury, and to the verdict of the jury on the issues involved.*" That part of the section in italics was enacted as an amendment by chapter eleven of the Acts of the Sixteenth General Assembly. Before this amendment was made, the proceedings in relation to contesting wills were prescribed by the original section above quoted, and by section 2353, which provides that "wills admitted to probate, and proven as hereinbefore directed, shall be conclusive as to the due execution thereof until set aside by an original or appellate proceeding." Before the amendment to section 2340, it was held that an original action could be maintained to set aside the probate of a will where no appearance had been entered or contest made. *Leighton v. Orr*, 44 Iowa, 680 ; *Gilruth v. Gilruth*, 40 Iowa, 348. In the last-named case, it was said that the original action contemplated by section 2353 is "for the purpose of giving contestants the right of trial by jury." We think it is quite clear that, as the plaintiffs appeared when the will was offered for probate, and made their contest, and had a full trial, with the right to demand a jury, they cannot now institute an original proceeding or action at law, and again try the identical questions which have

been fully adjudicated against them. The statute in force since the above amendment was enacted does not authorize two jury trials of the same issues.

We think that, in sustaining the demurrer to the answer, the court erred.

REVERSED.