WART et al. v. WART.

(Circuit Court, N. D. Iowa, W. D.   September 23, 1902.)

1. JURISDICTION OF FEDERAL COURTS—ACTION TO CONTEST VALIDITY OF WILL—
    PROCEEDING AUTHORIZED BY STATE STATUTE.
       The statutes of Iowa having provided that an original proceeding may
    be brought to contest the validity of a will after the formal probate
    thereof (Code, § 3296), in which either party may demand a jury trial,
    such a proceeding is one of which a federal court may take jurisdiction
    where the requisite amount is involved and diversity of citizenship exists
    between the adversary parties.

On Demurrer to Amended Petition.

T. D. Higgs, F. F. Faville, and A. Van Wagenen, for plaintiffs.
Milchrist & Scott, for defendant.

SHIRAS, District Judge.   The plaintiffs aver in the petition, as
amended, that they are the children and heirs at law of William'
Wart, deceased, who at the time of his death was the owner of cer-
tain realty situated in Buena Vista county, Iowa, and that, as his
heirs, the plaintiffs are severally entitled to the one-sixth part of the
realty described; it being further averred that the defendant, Grace
Wart, is the widow of William Wart, and that she is in the possession
of the entire realty, which she claims title to under an instrument
purporting to be the last will of her deceased husband, which was
admitted to probate in the district court of Buena Vista county; it
being, however, further averred that at the time of the execution of
the will the testator, by reason of sickness and old age, was mentally
incapacitated from executing a valid will.   In the petition, as amend-
ed, it is averred that the plaintiffs are citizens of the state of New
York and the defendant is a citizen of the state of Iowa, and that the
total value of the property is the sum of $35,000; thus showing that
the value of the interest claimed by each of the plaintiffs, being one-
sixth of the whole, exceeds the sum of $2,000.   The demurrer is in-
tended to present the question of the jurisdiction of this court, it be-
ing claimed that the federal courts have no jurisdiction to admit to
probate or to cancel the probate of a will, and that under the provi-
sions of the Code of Iowa the jurisdiction to test the validity of a
will is solely conferred upon the district courts of the state.   The
petition filed in this case does not seek to secure the proving of a
will.   In one view it is a suit at law to have determined and adjudged
what share or interest the plaintiffs have, if any, in the realty belong-
ing to their father, at the date of his death.   By reason of the aver-
ments in the petition to the effect that the defendant claims title to
the whole of the realty under an instrument admitted to probate as
the last will of William Wart, it being averred, however, that this
instrument is invalid on account of the mental incapacity of William
Wart at the time of its execution, the legal question is presented
whether, under the provisions of the statutes of Iowa, a suit may be
brought to test the validity of a will after it has been probated in a

¶ 1. Probate jurisdiction of federal courts, see note to Quarries Co. v.
Thomlinson, 36 C. C. A. 276.

district court of the state. By section 3296 of the Code of Iowa it is provided that "wills, foreign or domestic, shall not be carried into effect until admitted to probate as hereinbefore provided, and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding." By section 3283 it is enacted that: "After the will is produced, the clerk shall open and read the same, and a day shall be fixed by the court or clerk for proving it, which shall be during a term of court, and may be postponed from time to time in the discretion of the court. When the probate of a will is contested, either party to the contest shall be entitled to a jury trial thereon." Section 3296 clearly makes provision for a contest over the validity of a will after the formal probate thereof. When a will is offered for probate, a contest over its validity may be initiated, and either party may demand a jury trial of the issues presented. If such a contest is brought, the parties thereto are bound by the result thereof, and, if the will is admitted to probate, the contestants cannot subsequently maintain an original proceeding again questioning the validity of the will. Smith v. James, 74 Iowa, 462, 38 N. W. 160. If, however, when the will is offered for probate, no contest is made over its validity, and the instrument is admitted to probate, it is still open to the parties in interest to attack the validity of the will by an original proceeding.

This right being reserved to the parties in interest by the express provisions of section 3296 of the Code of Iowa, the real question presented by the demurrer is whether such original proceeding can be instituted in a federal court if the adversary parties are citizens of different states, and the amount involved exceeds $2,000. This general question is discussed at length by the supreme court in Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, 27 L. Ed. 1006, it being therein said that:

"The original probate, of course, is mere matter of state regulation, and depends entirely upon the local law, for it is that law which confers the power of making wills, and prescribes the conditions upon which alone they may take effect; and as, by the law in almost all the states, no instrument can be effective as a will until proved, no rights in relation to it, capable of being contested between parties, can arise until preliminary probate has been first made. Jurisdiction as to wills, and their probate as such, is neither included in nor excepted out of the grant of judicial power to the courts of the United States. So far as it is ex parte and merely administrative, it is not conferred, and it cannot be exercised by them at all until in a case at law or in equity its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties. It has often been decided by this court that the terms 'law' and equity,' as used in the constitution, although intended to mark and fix the distinction between two systems of jurisprudence as known and practiced at the time of its adoption, do not restrict the jurisdiction conferred by it to the very rights and remedies then recognized and employed, but embrace as well not only rights newly created by statutes of the states, as in cases of actions for the loss occasioned to survivors by the death of a person caused by the wrongful act, neglect, or default of another (Railway Co. v. Whitton, 13 Wall. 270, 287, 20 L. Ed. 571; Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439), but new forms of remedies to be administered in the courts of the United States, according to the nature of the case, so as to save the suitors the right of trial by jury in cases in which they are entitled to it, according to the course and analogy of the common law."

In Richardson v. Green, 9 C. C. A. 565, 61 Fed. 423, this question is discussed at length, the conclusion reached being that under the laws of Oregon a proceeding to contest the validity of a will could be instituted after the probate thereof, and that, if the adversary parties were citizens of different states, and the amount involved was sufficient to meet the requirements of the judiciary act, a court of the United States could take jurisdiction over such a controversy. An application was made to the supreme court for the purpose of bringing this case, by means of a writ of certiorari, before that court, but the application was denied. Richardson v. Green, 159 U. S. 264, 15 Sup. Ct. 1042, 40 L. Ed. 142. The denial of the writ, when the question involved was that of jurisdiction, must be taken to be, in effect, an approval of the ruling of the court of appeals.

As the statutes of Iowa provide that after formal probate of a will the validity thereof may be contested in an original proceeding brought for that purpose, either party to such contest being entitled to demand a jury trial, it follows, under the doctrine recognized in the cases just cited, that a proceeding thus brought to contest the validity of a will presents a controversy between adversary parties of which a court of the United States may take jurisdiction, provided the requisite amount is involved, and diversity of citizenship exists between the litigant parties.

The demurrer is therefore overruled.