## McDERMOTT v. HANNON et al.

(District Court, W. D. New York.  March 18, 1913.)

1. Courts (§ 262*)—Federal Courts—Jurisdiction—Subject-Matter—Will Contest.

A plenary action between citizens of diverse citizenship to set aside the probate of a will within two years after probate, as authorized by Code Civ. Proc. N. Y. § 2653a, is a proceeding which does not arise out of probate, and is not related to administration or ancillary to probate, and is therefore within the jurisdiction of the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

2. Courts (§ 489*)—Federal Courts—Jurisdiction—State Statutes.

The fact that Code Civ. Proc. N. Y. § 2653a, authorizing the maintenance of an action to set aside the probate of a will within two years, declares that the action may be in the Supreme Court of the county in which the probate was had, could not prevent the maintenance of such action in the federal courts, where the parties are of diverse citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1330, 1333–1341, 1372–1374; Dec. Dig. § 489.*]

In Equity.  Action by Cecelia McDermott against Bridget Hannon and others.  On demurrer to complaint.  Overruled.

Simon Fleischmann, of Buffalo, N. Y., and William H. Earl, of Lockport, N. Y., for plaintiff.

William Brennan, Jr., of Buffalo, N. Y., and Alfred W. Gray, of Niagara Falls, N. Y., for defendants.

HAZEL, District Judge.  This action was brought pursuant to section 2653a of the Code of Civil Procedure of the state of New York, which substantially provides that any person interested as devisee, legatee, or otherwise, in any will admitted to probate in this state, may, within two years, question the validity of the probate thereof in an action in the Supreme Court for the county in which such probate was had.  The will in question, which purports to relate to real and personal property, was admitted to probate in the county of Niagara, where the testator lived and where his property was located. After alleging the diversity of citizenship of the parties, and their relationship to the testator, and that the matter in dispute, exclusive of interest and costs, involves upwards of $3,000, the complaint specifically alleges that the testator at the time of making the will was of unsound mind, that the will was secured by fraud and undue influence, and that the probate thereof was invalid.  A demurrer has been interposed, principally on the ground that the court is without jurisdiction of the subject-matter of the action.

[1] It is argued, inter alia, that whenever power to probate a will is given to a probate or surrogate's court, the decree of such court is final, and not subject to review in this court.  With such argument as a general proposition there is no disagreement.  If the controversy herein had arisen out of probate proceedings, or if it related to ad-

ministration, or to procedure ancillary to probate, this court would have no right to interfere by either removal, review, or plenary action. But this action is not of that description, having been instituted to determine the validity of the probate, pursuant to the statute of the state creating such right, and accordingly this court, in view of the diversity of citizenship, has the same power to hear and decide as the Supreme Court for the county of Niagara would have, had the action been brought therein. The rights and remedies available under the statute in question to citizens of the state in the state court may be enforced in a federal court, the rule being that the latter shall conform as nearly as may be to the practice and mode of procedure provided for by the state laws (section 914, U. S. R. S. [U. S. Comp. St. 1901, p. 684]), and it makes no difference whether the right exists in law or equity (Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, 27 L. Ed. 1006; Sawyer v. White, 122 Fed. 223, 58 C. C. A. 587; Williams v. Crabb et al., 117 Fed. 193, 54 C. C. A. 213, 59 L. R. A. 425; Richardson v. Green, 61 Fed. 423, 9 C. C. A. 565; Case of Broderick's Will, 21 Wall. 503, 22 L. Ed. 599; Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101).

The latter case, to which my attention has been directed since the hearing by counsel for the defendants, is thought to be a decisive corroboration of the jurisdiction of this court in such actions. There the question was whether the controversy was independent of the probate, or ancillary to the original procedure, and Mr. Justice White, in delivering the opinion, said:

"First. That as the authority to make wills is derived from the state, and the requirement of probate is but a regulation to make a will effective, matters of pure probate, in the strict sense of the words, are not within the jurisdiction of the courts of the United States.

"Second. That where a state law, statutory or customary, gives to the citizens of the state, in an action in a suit inter partes, the right to question at law the probate of a will, or to assail probate in a suit in equity, the courts of the United States, in administering the rights of citizens of other states or aliens, will enforce such remedies."

The action arose under the statute of the state of Washington as to probate of wills, the statutory authority for contesting a will being a part of the probate procedure, and as there existed in that state no statutory provision for an independent contest as to the validity of the probate, it was held that, even though there was a diversity of citizenship, jurisdiction to ratify the probate of the will by the superior court was not conferred upon a federal court. The distinction between suits inter partes and controversies arising in the probate procedure, such as actions to annul probate when the probate court has statutory power to apply the remedy, is absolutely clear and definite.

[2] It is suggested by defendants that jurisdiction is expressly given to the Supreme Court of the county where the will was probated, and that this court should not, by assuming jurisdiction, nullify the intention of the Legislature that the trial should be had before a jury of the county wherein the will was probated. To yield to this suggestion would do violence to the rights and remedies of citizens of another state, and would operate to deprive them of the enforcement of

such rights in the forum granted by the national Constitution and laws. 1 Foster, Fed. Pr. § 7, and cases heretofore cited.

The demurrers are overruled.