# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

CHARLES W. COWPER V. WILLIAM H. SARGEANT, JUDGE.

June 15, 1933.

Present, All the Justices.

The opinion states the case.

*James E. Heath,* for the petitioner.

*James G. Martin,* for the respondent.

CAMPBELL, C. J., delivered the opinion of the court.

 This is a petition for a writ of prohibition. The sole question presented is: Has the Corporation Court of the city of Norfolk jurisdiction to entertain a bill filed in that court to contest the validity of the purported will of Laura Virginia Dewell?

The petition sets forth that Laura Virginia Dewell, late of the city of Norfolk, departed this life on the 25th day of July, 1929, leaving a last will and testament, which was duly probated in the corporation court; that petitioner was named as residuary devisee and legatee in the will; that on the third Monday in July, 1931, James P. Cowper filed a bill in the corporation court, the object of which was to impeach the will and to have the same decreed not to be the last will and testament of the alleged testatrix, and to set aside the order of probate.

Upon the filing of the bill, petitioner appeared specially and made a motion to dismiss the bill, on the ground that the corporation court was without jurisdiction in the premises. The court being of opinion that it did have jurisdiction to entertain the bill, under the provisions of section 5259 of the Code, overruled the motion to dismiss. That section reads:

 *"Section 5259. Motion for probate may be ex parte; when and by whom suit may be brought in such case, to impeach or establish will.* Any court having jurisdiction of the probate of wills under section fifty-two hundred and forty-seven may, however, without summoning any party, proceed to probate and admit the will to record, or reject the same. After a sentence or order under this section or under section fifty-two hundred and forty-nine, a person interested, who was not a party to the proceeding, may proceed by bill in equity to impeach or establish the will, on which bill a trial by jury shall be ordered to ascertain

whether any, and if any, how much of what was so offered for probate, be the will of the decedent. The court may, also, if it deem proper, require all testamentary papers of the same decedent to be produced, and direct the jury to ascertain whether any, or if there be more than one, which of the papers produced, or how much of what was so produced, be the will of the decedent. If the sentence or order be made by the court in the exercise either of its original jurisdiction or on appeal from the clerk, such bill shall be filed within two years from the date of such order made by the court. If no appeal be taken from a sentence or order made by the clerk under section fifty-two hundred and forty-nine, the bill shall be filed within two years from the date of such order or sentence by the clerk. If no such bill be filed within that time, the sentence or order shall be forever binding. *No bill shall be filed under this section except in the court in which, or in the clerk's office of which, the will was admitted to probate."* (Italics added.)

Around the last sentence of the statute this controversy revolves.

By an act of the General Assembly, enacted in 1894, a court of law and chancery was established for the city of Norfolk. This act was carried into the Code of 1919 as section 5934. Under the provisions of the statute (section 5935) the court of law and chancery has concurrent jurisdiction with the circuit court and the corporation court in all matters concerning the probate and recordation of wills, the appointment, qualification and removal of fiduciaries, etc., "and original and general jurisdiction, concurrent with the circuit court and exclusive of the corporation court in said city, of all suits and proceedings in chancery and of all such civil cases at law, within said city as are cognizable by the circuit court * * *."

It is further provided:

"And any duty devolved or power or jurisdiction conferred, or which may hereafter be devolved or conferred by law on the circuit courts of this Commonwealth, or the

judges thereof respectively, shall, unless otherwise expressly provided, be deemed to be also devolved or conferred on the said Court of Law and Chancery of the city of Norfolk, or the judge thereof respectively, except as to matters of which the corporation court of the said city shall have exclusive jurisdiction."

Prior to the revision of the Code in 1919, the jurisdiction of the corporation court had remained as it was under the act of 1894; that is, it had general jurisdiction of both criminal matters and cases at law and chancery.

The act establishing the law and chancery court curtailed the jurisdiction of the corporation court to the extent mentioned, and, unless the language of section 5259, "No bill shall be filed under this section except in the court in which, or in the clerk's office of which, the will was admitted to probate," confers jurisdiction upon the corporation court, it follows that it should not entertain the bill filed.

In the revisors' note it is said: "It will be observed that the appeal of right under section 5249 from the action of the clerk must be taken within one year from the entry of the order by the clerk, but that the bill in equity under this section (issue *devisavit vel non*) may be filed within two years from the date of the order made by the court, whether in the exercise of its original jurisdiction or on appeal from the clerk, and that if no appeal is taken from the action of the clerk within one year, then the bill may be filed within two years from the date of such order or sentence by the clerk. * * * The last sentence is new."

That language shows the clear intendment of the revisors to confer jurisdiction upon the court in which the will was probated, or in the clerk's office thereof, to try an issue *devisavit vel non*. In the enactment of the Code the legislature adopted the view of the revisors.

It is said in the brief of counsel for petitioner: "It is admitted that this sentence does present some difficulty; but it is further submitted that this difficulty is not so great as to make the general rule inapplicable. The sentence

in question can be given its proper scope by construing it to mean that no bill under section 5259 shall be filed except in the court in which, or in the clerk's office of which, the will was admitted to probate—provided, always, such court be a court having equity jurisdiction."

To so construe the statute would indeed be judicial legislation. If there be an evil, the remedy must come from the legislature and not from the court. The language is plain and is susceptible of but one interpretation. The legislature had the power, and it has in express terms conferred upon the corporation court the jurisdiction, to entertain the bill filed. There is nothing incongruous in the action of the legislature.

In *Queensbury* v. *Vial,* 123 Va. 219, 96 S. E. 173, 174, it is held that a court of equity has no inherent jurisdiction to set aside wills on the ground of fraud, undue influence, or lack of testamentary capacity on the part of the testator. "Jurisdiction of these questions is to be found solely in the statute on the subject."

In *Kirby* v. *Kirby,* 84 Va. 627, 5 S. E. 539, Judge Lewis said: "It is contended that in a suit of this description, a court of equity does not proceed under its general jurisdiction, with all the powers incident thereto, but can exercise only the special and limited powers conferred upon it by the statute; that it acts as a court of probate, with a single object in view, namely, to ascertain by a jury trial whether the paper in question is, or is not, the will of the decedent; that it can perform no other act nor grant any further relief; that it has no jurisdiction over the estate of the decedent, and can make no order respecting it.

"This position is fully sustained by the decisions of this court"—citing *Coalter's Ex'r* v. *Bryan,* 1 Gratt. (42 Va.) 18; *Lamberts* v. *Cooper's Ex'r,* 29 Gratt. (70 Va.) 61.

The writ of prohibition will be denied.

*Writ denied.*