## GUILFOIL v. HAYES.*
### No. 4092.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1936.

*Writ of certiorari denied 57 S. Ct. 511, 31 L. Ed. ——.

James E. Heath, of Norfolk, Va., for appellant.

William L. Parker, of Norfolk, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from a decree entered in the District Court of the United States for the Eastern District of Virginia, in a suit in equity which the appellant, herein referred to as the plaintiff, brought in said court, in May, 1935.

The suit was brought under section 5259 of tthe Code of Virginia and its object was to have the will of one William R. Hayes, under which will the appellee, herein referred to as the defendant, was the sole beneficiary, declared not to be the last will and testament of the said William R. Hayes and to have the probate of said will which had been probated in the clerk's office of the circuit court of Princess Anne county, Va., on May 28, 1934, set aside. Hayes died on April 27, 1934, in the city of New York.

The defendant in June, 1935, filed a motion to dismiss and an answer. After a hearing, the judge below, in April, 1936, entered an order sustaining the motion to dismiss and filed a written opinion giving his conclusions.

The Virginia statute under which the suit was brought (section 5259, Code of Virginia) is as follows: "Motion for probate may be ex parte; when and by whom suit may be brought in such case, to impeach or establish will. Any Court having jurisdiction of the probate of wills under section fifty-two hundred and forty-seven may, however, without summoning any party, proceed to probate and admit the will to record, or reject the same. After a sentence or order under this sec-

tion or under section fifty-two hundred and forty-nine, a person interested, who was not a party to the proceeding, may proceed by bill in equity to impeach or establish the will, on which bill a trial by jury shall be ordered to ascertain whether any, and if any, how much of what was so offered for probate, be the will of the decedent. The court may also, if it deem proper, require all testamentary papers of the same decedent to be produced, and direct the jury to ascertain whether any, or if there be more than one, which of the papers produced, or how much of what was so produced, be the will of the decedent. If the sentence or order be made by the court in the exercise either of its original jurisdiction or on appeal from the clerk, such bill shall be filed within two years from the date of such order made by the court. If no appeal be taken from a sentence or order made by the clerk under section fifty-two hundred and forty-nine, the bill shall be filed within two years from the date of such order or sentence by the clerk. If no such bill be filed within that time, the sentence or order shall be forever binding. No bill shall be filed under this section except in the court in which, or in the clerk's office of which, the will was admitted to probate."

The probating of the will in the clerk's office was an ex parte proceeding in which the plaintiff did not, in any way, participate, and of which she had no notice. The grounds relied on to set aside the will were that the testator was not mentally competent to make a will at the time of its execution, and that the alleged will was procured by the undue influence of the defendant, the beneficiary therein.

No appeal from the order of probate entered by the clerk (Virginia Code, § 5249) was taken by any person interested to the circuit court of said county, so that the bill filed by complainant in this court was the first attack made upon the probate of said will. The amount in controversy exceeds $3,000 exclusive of interest and costs. The plaintiff is a citizen of the state of Connecticut and claims to be the sole heir at law of said William R. Hayes. The defendant is a citizen of the state of Virginia and has qualified as executrix of the will in question.

The contention made on behalf of the defendant is that the suit authorized to be brought under section 5259, above quoted, is merely a continuation of the probate proceedings before the judge, and is therefore a matter over which federal courts have no jurisdiction. The contention on behalf of the plaintiff is that the suit authorized by the statute is an independent suit and as the controversy is between citizens of different states the court has jurisdiction.

It is well settled as a general principle of law that federal courts have no jurisdiction in probate matters. They can, however, where there is diversity of citizenship, other jurisdictional requisites being present, enforce remedies given by state statutes. Rose's Federal Jurisdiction and Procedure (3d Ed.) § 185; Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 734, 50 L.Ed. 101; Sutton v. English, 246 U. S. 199, 38 S.Ct. 254, 62 L.Ed. 664.

In the case of Farrell v. O'Brien, supra, Chief Justice White, in an exhaustive opinion, says among other things:

"First. That, as the authority to make wills is derived from the state, and the requirement of probate is but a regulation to make a will effective, matters of pure probate, in the strict sense of the words, are not within the jurisdiction of courts of the United States.

"Second. That where a state law, statutory or customary, gives to the citizens of the state, in an action or suit inter partes, the right to question at law the probate of a will or to assail probate in a suit in equity, the courts of the United States, in administering the rights of citizens of other states or aliens, will enforce such remedies.

"The only dispute possible under these propositions may arise from a difference of opinion as to the true significance of the expression 'action or suit inter partes,' as employed in the second proposition. When that question is cleared up the propositions are so conclusively settled by the cases referred to that they are indisputable. Before coming to apply the propositions we must, therefore, accurately fix the meaning of the words 'action or suit inter partes.'

"The cited authorities establish that the words referred to must relate only to independent controversies inter parties, and not to mere controversies which may arise on an application to probate a will because the state law provides for notice, or to disputes concerning the setting aside of a probate, when the remedy to set aside

afforded by the state law is a mere continuation of the probate proceeding; that is to say, merely a method of procedure ancillary to the original probate, allowed by the state law for the purpose of giving to the probate its ultimate and final effect. * * *

"This is plainly indicated by the fact that the proceeding provided by the statute concerns not only revocation of the probate of a will, but also the right to petition for the probate of a will where an application to probate it had been previously rejected. The context of the legislation in question also clearly establishes that the authorized proceeding is but supplementary to, and a continuation of, the original proceeding in probate."

▪ It will be seen from an examination of the statute that the suit in equity authorized may have for its object either the impeachment or the establishment of the will. As is pointed out in the decision in the Farrell Case, supra, this indicates that such suit "is but supplementary to, and a continuation of, the original proceeding in probate."

It is to be noted that the statute which authorizes the suit also provides that such suit shall be filed in the court in which, or in the clerk's office of which, the will was admitted to probate. The question at once presents itself whether the plaintiff can avail herself of the privilege, given by the statute, of bringing the suit in equity without accepting the condition attached by the statute itself as to the place in which the suit shall be brought.

The decisions relied upon to sustain the contention made on behalf of the plaintiff that the suit is an independent action and not a purely probate matter were based upon statutes different from the Virginia statute, were decided before the case of Farrell v. O'Brien, supra, or dealt with a different state of facts from those here presented. We do not think they are controlling here.

That a suit of the character of the one here involved was a probate rather than an independent proceeding seems to be the holding justified by a proper interpretation of the decisions of the highest court of the state of Virginia. Coalter's Ex'r v. Bryan, 1 Grat.(42 Va.) 18; Wills v. Spraggins, 3 Grat.(44 Va.) 555; Connolly v. Connolly, 32 Grat.(73 Va.) 657; Lambert's Ex'r v. Cooper's Ex'r, 29 Grat. (70 Va.) 61; Kirby v. Kirby et al., 84 Va.

627, 5 S.E. 539; Cowper v. Sargeant, Judge, 160 Va. 562, 169 S.E. 920; Dickens et al. v. Bonnewell, 160 Va. 194, 168 S.E. 610.

In Connolly v. Connolly, supra, the court said: "There is no doubt that the statutory proceeding was designed as a secondary or final probate, and that the verdict of a jury on the issue prescribed is an essential feature in such proceeding. It is the verdict which ascertains and determines 'whether any, and if any, how much of what was offered for probate be the will of the decedent.'"

We are of the opinion that the conclusion reached by the judge below, in his able and exhaustive opinion, was the correct one, and that the federal court does not have jurisdiction.

· The motion to dismiss the appeal filed in this court is denied. The motion is not supported by the full record of the proceeding in the case of Guilfoil v. Hayes, heard in the circuit court of Princess Anne county, Va., and that suit has not been finally passed upon by the Supreme Court of Appeals of the state of Virginia. Under these circumstances, the plaintiff had the right to prosecute this appeal in this court. The decree of the court below is affirmed.